CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED Dville
APR 11 2011
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| WANDA D. MITCHELL,<br>Mother For: Tenaisha T. Dabney, a Minor Child,<br><br>Plaintiff,<br><br>v.<br><br>MR. MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>Defendant. | CASE NO. 4:10CV00028<br><br><br><br>REPORT AND RECOMMENDATION<br><br><br>By: B. Waugh Crigler<br>U. S. Magistrate Judge |

This *pro se* challenge to the Commissioner's final decision adopting the Administrative Law Judge's June 27, 2008 decision to deny plaintiff's claim for Supplemental Security Income ("SSI") benefits (child's disability), is before the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B), to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand the case for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this action from the docket of the court.

In a decision eventually adopted as the Commissioner's final decision, an Administrative Law Judge ("Law Judge") found that plaintiff's child, Tenaisha T. Dabney ("Tenaisha"), was a school-age[1] child on the date of her application, July 18, 2006. (R. 12.) The Law Judge further found that Tenaisha had not engaged in substantial gainful activity at any relevant time. (*Id.*)

---

[1] Tenaisha was born on May 10, 1998. (R. 12.) Under the regulations, the term "school-age" child refers to a child age six to the attainment of age twelve. 20 C.F.R. § 416.926a(h)(2)(iv).

The Law Judge determined that Tenaisha had the following severe impairments: attention deficit hyperactivity disorder ("ADHD"), learning disability, sleep disturbance, and anger/behavioral issues. (*Id.*) The Law Judge concluded that Tenaisha did not have an impairment or combination of impairments that met or medically equaled a listed impairment. (*Id.*) Though the Law Judge found that Tenaisha's medically determinable impairments reasonably could be expected to generally produce the alleged symptoms, he concluded that the statements concerning the intensity, persistence and limiting effects of Tenaisha's symptoms were "not credible" to the extent they were inconsistent with the finding that Tenaisha does not have an impairment or combination of impairments that functionally equals the listings. (R. 13.) The Law Judge ultimately found that Tenaisha had not been disabled since July 18, 2006[2], the date her application for SSI benefits was filed. (R. 19.)

The Law Judge's June 27, 2008 decision was appealed to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

A child is disabled under the Social Security Act if he or she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). A three-step sequential evaluation is undertaken to determine disability for children: First, the Law Judge must determine whether the child is engaged in substantial gainful activity. 20 C.F.R. § 416.924(a). If the child is engaged in substantial gainful activity, he or she is found not disabled.

---

[2] SSI is not payable prior to the month after the application was filed. *See* 20 C.F.R. § 416.335.

2

*Id.* If the child is not, the second inquiry is whether the child has an impairment or combination of impairments which is "severe." *Id.* § 416.924(a) and (c). If a severe impairment is present, the third and final inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. *Id.* § 416.924(d). To meet or medically equal a listing, a child's impairment(s) must equal the severity of a set of criteria for an individual listing impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1. *Id.* If the child's impairment meets or medically or functionally equals the requirements of Appendix 1, the claimant is found disabled and is awarded benefits. *Id.* If not, the claimant is found not disabled. *Id.* § 416.924(d)(2).

Where the child claimant's impairment or combination of impairments do not meet or medically equal the requirements of an impairment in the listings, the Commissioner will decide whether the impairment results in limitations functionally equivalent to such requirements. *See id.* § 416.926a(a). To establish functional equivalence, the child must suffer a medically determinable impairment or combination of impairments which results in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. *See id.* A "marked" limitation in a domain exists when the child's impairment(s) seriously interferes with their ability to independently initiate, sustain, or complete activities. *See id.* § 416.926a(e)(2)(i). A "marked" limitation is "more than moderate" but "less than extreme," and may arise when one or several activities or functions are limited. *Id.* An "extreme" limitation exists when the child's impairment or combination of impairments impose(s) very serious restrictions on his/her ability to initiate, sustain, or complete activities independently. *Id.* § 416.926a(e)(3)(i). An "extreme"

limitation does not necessarily mean there is a complete lack of ability to function, though it is "more than marked" and may arise when one or several activities or functions are limited. *Id.*

The Commissioner also must consider the child claimant's abilities in six functional domains, which are broad areas of functioning intended to capture all that the child can or cannot do. *See id.* § 416.926a(b)(1). These domains are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. *Id.* at 416.926a(b)(1)(i)-(vi).

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In her briefs, which the court has construed as motions for summary judgment and briefs in support thereof, plaintiff argues that Tenaisha's impairments functionally equal a listed impairment. (Pl's December 15, 2010 brief, pp. 2-7; Pl's February 25, 2011 brief, pp. 3-7.) Specifically, plaintiff contends that Tenaisha has marked limitations in the six domains of functioning. (*Id.*) The undersigned will address plaintiff's contentions as to each domain.

Acquiring and using information.

4

This domain considers how well the child can acquire or learn information, and how well the child can use the information they have learned. 20 C.F.R. § 416.926a(g). The Law Judge found that Tenaisha had less than marked limitations in acquiring and using information because her ADHD is adequately controlled with medication and one-on-one instruction, and she has been able to make acceptable academic progress without special education. (R. 15.) This finding is supported by substantial evidence.

The record reveals that Tenaisha never has been held back in school and has not been placed on an Individual Education Plan ("IEP"). (R. 39.) Moreover, plaintiff reported that Tenaisha's ability to communicate is not limited. (R. 91.) Specifically, Tenaisha can deliver telephone messages, report stories she has heard, tell jokes or riddles accurately, explain why she did something, and talk with family and friends. (R. 91.) Tenaisha stated that she can add and subtract and do some multiplying and dividing. (R. 41.)

Nan Yancey, plaintiff's teacher, submitted an undated letter which reveals that, when Tenaisha is taking her medication, she is "practically a model student" and "concentrates and completes her assignments and displays a calmer temperament." (R. 135.) Yancey also reported that Tenaisha's grades improved with the medication. (*Id.*) Plaintiff's math and social studies teacher, Rebecca Bailey, reported in January 2007 that, although Tenaisha experiences problems, when she takes her medication for ADHD, she is "able to perform better both academically and behaviorally." (R. 124.)

Plaintiff testified that since Tenaisha was placed in a one-on-one educational setting she is achieving B's and C's. (R. 39.) Plaintiff reported that Tenaisha's ability to progress in learning has not been limited and that she can read capital and small letters, read and understand

simple sentences, read and understand stories in books or magazines, print letters and her name, write in longhand (script), spell most three to four letter words, write a simple story which contains six to seven sentences, add and subtract numbers over ten, knows the days of the week and months of the year, understands money and can make correct change, and is able to tell time. (R. 92.) All these factors substantially support the Law Judge's findings regarding this domain.

The Law Judge's finding that Tenaisha had less than marked limitations in acquiring and using information is further supported by the State agency record reviewing consultants' opinions. David Niemeier evaluated plaintiff's medical records on October 23, 2006. (R. 163-170.) He found Tenaisha had no limitation in the acquiring and using information domain. Stephen Saxby evaluated plaintiff's medical records on February 2, 2007. (R. 176-183.) He believed Tenaisha had a less than marked limitation in the acquiring and using information domain.

Attending and completing tasks.

This domain considers how well a child is able to focus and maintain attention, and how well the child begins, carries through, and finishes activities, including the pace at which the child performs activities and the ease with which you change them. 20 C.F.R. § 416.926a(h). The Law Judge found that Tenaisha had marked limitations in attending and completing tasks. (R. 16.) The Law Judge's finding was favorable to the plaintiff and is not in dispute. Moreover, this finding is supported by substantial evidence.

Interacting and relating with others.

This domain considers how well the child initiates and sustains emotional connections with others, develops and uses the language of the community, cooperates with others, complies with

rules, responds to criticism, and respects and takes care of the possessions of others. 20 C.F.R. § 416.926a(i). The Law Judge found that Tenaisha had less than marked limitations in interacting and relating with others. (R. 17.) For the following reasons, this finding is supported by substantial evidence.

Tenaisha's mother reported that Tenaisha gets upset sometimes when things do not go her way (R. 94), she fights with other students, and she will take toys from other children (R. 31). Even so, plaintiff also reported that Tenaisha has friends of her own, is able to make new friends, generally gets along well with her mother and other adults, generally gets along with school teachers, and is able to play team sports. (R. 94.) Tenaisha testified she likes to play team sports such as basketball and football. (R. 41-42.) In September 2006, plaintiff's science and homeroom teacher, Loree Jefferson, completed an evaluation. (R. 98-105.) She noted that Tenaisha has only slight problems in playing cooperatively with children, making and keeping friends, and appropriately expressing her anger. (R. 101.) All this provides substantial support for the Law Judge's findings.

The Law Judge's finding that Tenaisha had less than marked limitations in interacting and relating with others is also supported by the State agency record reviewing consultants. Niemeier found that Tenaisha had no limitation in the domain of interacting and relating with others (R. 163-170), and Saxby found that Tenaisha had a less than marked limitation in interacting and relating with others (R. 176-183).

Moving about and manipulating objects.

This domain considers how the child moves his or her body from one place to another and how they move and manipulate things. 20 C.F.R. § 416.926a(j). The Law Judge found that Tenaisha had no limitations in moving about and manipulating objects. (R. 18.)

The record reveals that plaintiff reported that Tenaisha can run, walk, throw a ball, ride a bike, jump rope, use scissors, work video game controls, and dress/undress dolls or action figures. (R. 93.) The State agency record reviewing consultants, Niemeier and Saxby, evaluated plaintiff's medical records and found that Tenaisha had no limitation in moving about and manipulating objects. (R. 163-170, 176-183.) Thus, the Law Judge's finding regarding this domain is supported by substantial evidence.

Caring for yourself.

This domain considers how well the child maintains a healthy emotional and physical state. This includes how well he or she get your physical and emotional wants and needs met in appropriate ways; how you cope with stress and changes in your environment; and whether you take care of your own health, possessions, and living area. 20 C.F.R. § 416.926a(k). The Law Judge found that Tenaisha had less than marked limitations in caring for oneself. (R. 18.) This finding, too, is supported by substantial evidence.

Plaintiff reported that Tenaisha can independently use zippers, button clothes, tie her shoelaces, take a bath or shower without help, brush her teeth, comb or brush her hair, choose her clothes, hang up her clothes, obey safety rules, eat by herself with a fork and spoon. (R. 95.)

In September 2006, plaintiff's science and homeroom teacher, Loree Jefferson, completed a teacher's evaluation. (R. 98-105.) In her opinion, Tenaisha has no problems taking care of personal hygiene and caring for personal needs such as dressing and eating. (R. 103.)

The Law Judge's finding that Tenaisha had less than marked limitations in caring for oneself also is supported by the State agency record reviewing consultants' opinions. Niemeier found Tenaisha had no limitation caring for oneself (R. 163-170), and Saxby believed Tenaisha had a less than marked limitation in caring for oneself (R. 176-183).

Health and physical well-being.

This domain considers the cumulative effects of physical or mental impairments and their associated treatments or therapies on the child's functioning apart from the assessment of the child's ability to move about and manipulate objects. 20 C.F.R. § 416.926a(l). The Law Judge found that Tenaisha had no limitations in health and physical well-being. (R. 19.) This finding is supported by substantial evidence.

Tenaisha received a neurological evaluation by Victor Owusu-Yaw, M.D. on August 22, 2006. (R. 160-161.) Dr. Owusu-Yaw noted that Tenaisha began treatment with Concerta in May 2006. (R. 160.) Tenaisha's mother reported to the physician that the medication had been effective in helping her with attention, hyperactivity and focus and that her behavior had also been better. (*Id.*) Dr. Owusu-Yaw diagnosed Tenaisha as suffering the following: ADHD, learning disability, sleep disturbance, and anger and behavioral issues. (R. 161.) He further noted that plaintiff's anger and behavioral issues were "pretty mild" at the time. (*Id.*)

State agency record reviewing consultants Niemeier and Saxby evaluated plaintiff's medical records and concluded that Tenaisha had no limitation in health and physical well-being. (R. 163-170, 176-183.) These provide further substantial evidentiary support for the Law Judge's finding regarding this domain.

In all, the Law Judge's finding that plaintiff has failed to show that Tenaisha had "marked" limitations in two domains of functioning or an "extreme" limitation in one domain of functioning is supported by substantial evidence. Therefore, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a copy of this Report and Recommendation to all counsel of record and mail a copy to the plaintiff.

ENTERED: /s/

U.S. Magistrate Judge

April 11, 2011

Date