IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| WANDA D. MITCHELL, | ) | |
| Mother For: Tenaisha T. Dabney, a Minor Child, | ) | Case No. 4:10CV00028 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MR. MICHAEL J. ASTRUE | ) | |
| Commissioner of Social Security, | ) | By: Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

Before me is the Report and Recommendation of the United States Magistrate Judge recommending an Order be entered in favor of the Commissioner. Plaintiff timely filed Objections to the R&R. I have reviewed the parties' motions and the record and this matter is now ripe for review. For the reasons contained herein, I hereby ADOPT the Report and Recommendation in its entirety, GRANT the Commissioner's Motion for Summary Judgment, AFFIRM the Commissioner's final decision and direct the Clerk to DISMISS this case from the docket of the Court.

I.  **Facts and Procedural History**

Plaintiff began seeking disability benefits on behalf of her minor child Teniaisha Dabney ("Dabney") in July 2006 for Dabney's Attention Deficit Hyperactivity Disorder (ADHD). Dabney was a school aged child on the date of her application. R. 12. Plaintiff complained of Dabney's problems in school, such as fighting and difficulty focusing. R. 151. Dabney takes medication for her ADHD, which works with varying degrees of effectiveness. R. 160. After being denied initially and on review, Plaintiff obtained a hearing before an Administrative Law Judge ("ALJ") on April 16, 2008. R. 20–44, 45, 46. In his decision issued on June 27, 2008, the ALJ denied Plaintiff's claim, concluding that Dabney's "severe impairments have not met, medically equaled or functionally equaled any listing." R. 19. Plaintiff sought review from the Appeals Council, which upheld the ALJ's decision, thereby adopting the ALJ's

decision as the final disposition of the Commissioner. R. 1–6. Plaintiff then brought a pro se challenge to the Commissioner's decision in federal court. Compl. (ECF No. 2). Magistrate Judge B. Waugh Crigler examined the case, reviewed the parties' Motions for Summary Judgment (ECF Nos. 16, 18, 22) and issued his Report and Recommendation ("R&R") (ECF No. 17), advising that I find in the Commissioner's favor.

II. **Standard of Review**

Congress has limited the judicial review I may exercise over decisions of the Social Security Commissioner. I am required to uphold the decision where: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. *See* 42 U.S.C. § 405(g); *Craig v. Chater,* 76 F.3d 585, 589 (4th Cir. 1996). The Fourth Circuit has long defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In other words, the substantial evidence standard is satisfied by producing more than a scintilla but less than a preponderance of the evidence. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545; *see Shively v. Heckler*, 739 F.2d 987, 990 (4th Cir. 1984) (noting that role of the ALJ, not the VE, is to determine disability). The Regulations grant the Commissioner latitude in resolving factual inconsistencies that may arise during the evaluation of the evidence. 20 C.F.R. §§ 404.1527, 416.927. Unless the decision lacks substantial evidence to support it, the ultimate determination of whether a claimant is disabled is for the ALJ and the Commissioner. *See id.* §§ 404.1527(e), 416.927(e); *see also Walker v. Bowen,* 834 F.2d 635, 640 (7th Cir. 1987). If the ALJ's resolution of the conflicts in the evidence is supported by substantial evidence, then I must affirm the Commissioner's final decision.

*Laws*, 368 F.2d at 642.  In reviewing the evidence, I must not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [my] judgment for that of the Secretary.[1]" *Mastro*, 270 F.3d at 176 (quoting *Craig*, 76 F.3d at 589).

**III.     Analysis**

The ALJ found that Dabney suffered from the following severe impairments:  ADHD, learning disability, sleep disturbance, and anger/behavioral issues.  R. 12.  According to the ALJ, however, Dabney's severe impairments do not meet or medically equal or functionally equal a listed impairment. *Id.*  To determine whether a child's severe impairments functionally equal a listing, the ALJ must assess the child's functioning in terms of six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being.  20 C.F.R. 416.926a(d).  The child should be assessed by comparing his/her performance in these categories with children of the same age who are unimpaired. *Id.*  If the child has "marked" limitations in two domains or an "extreme" limitation in one domain, then the child functionally equals a listing and is disabled. *Id.*  The ALJ found that Dabney had "less-than-marked limitations" in acquiring and using information, "marked limitations" in attending and completing tasks, "less-than-marked limitations" in interacting and relating with others, "no problems" moving about and manipulating objects, "less-than-marked limitations" in caring for herself, and "no limitations" in health and physical well-being.  R. 13–19.

In her briefs—which the Magistrate Judge construed as motions for summary judgment—Plaintiff argued that Dabney's impairments functionally equaled a listed impairment.  Pl.'s 12/15/2010 Br., 2–7; Pl.'s 2/25/2011 Br., 3–7.  Magistrate Judge Crigler analyzed the ALJ's decision pertaining to each of the six categories of functional equivalency discussed above and found that the ALJ's conclusions were supported by substantial evidence for every category.  R&R 4–10.  In her Objections to the R&R,

---

1       Or the secretary's designate, the ALJ. *See Craig*, 76 F.3d at 589 (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987).

Plaintiff's substantive arguments are that the Magistrate Judge failed to consider important evidence, specifically that (1) Dabney failed the third and fourth grades and was placed in an individual education plan ("IEP"); (2) Dabney "is going to be recommended for home bound instruction for the first (6) six weeks of the 2011–12 school year"; and (3) Dabney was recently suspended for fighting. Pl.'s Obj. to R&R, 1–3.

In the R&R, Magistrate Judge Crigler observed that, "[t]he record reveals that Tenaisha [Dabney] never has been held back in school and has not been placed on an Individual Education Plan ('IEP')." R&R 5 (citing R. 39). At the ALJ hearing, during a discussion regarding Dabney's performance in school, the Law Judge asked Plaintiff "[h]as [Dabney], has she been held back?" Plaintiff responded, "no." Regarding IEP's, Plaintiff and the ALJ had the following exchange:

> Q: Now, does, does—did they put your daughter on the IEP, the Individual Education Plan?
> A: I think she said she did IEP on there. And Tenaisha [Dabney] didn't do good at all.
> Q: Well, that's a PR. I'm not talking about a test. I'm talking about special needs, a plan?
> A: No. No, Sir.

R. 39. The hearing was conducted when Dabney was in the fourth grade. R.40. A thorough review of the record supports the Magistrate Judge's conclusions. There is no evidence that contradicts Plaintiff's own testimony that Dabney was never held back and that Dabney never took special education classes. Plaintiff's assertions to the contrary in her Objection to the R&R are unsupported. Plaintiff includes in her Objection a letter from Dabney's teacher dated April 12, 2011 that states, "[a]s of right now, she is failing science and has a D in math . . . . Her grades indicate she might be at risk of being retained at the end of this school year." Pl.'s Obj. to R&R, ex. A. While this indicates that Dabney had a poor performance evaluation mid-semester, it does not support Plaintiff's contention that Dabney previously failed multiple grades. Further, there is no evidence in the record that supports Plaintiff's claim that Dabney will be recommended for home bound instruction for the beginning of the next school year.

Presumably, Plaintiff's contention that Dabney was recently suspended for fighting—for which Plaintiff provides evidentiary support—is targeted at undermining the ALJ's conclusion that Dabney has "less-than-marked limitations" in interacting and relating with others. The Magistrate Judge found that the ALJ's conclusion in this category was supported by substantial evidence. R&R 6–7. Dabney's recent suspension should not change this analysis, as both the ALJ and the Magistrate Judge weighed Dabney's frequent fighting against other factors in making their determination. R. 16–17; R&R 7. The Magistrate Judge wrote:

> [Dabney] fights with other students, and she will take toys from other children. Even so, plaintiff also reported that Tenaisha [Dabney] has friends of her own, is able to make new friends, generally gets along well with her mother and other adults, generally gets along with school teachers, and is able to play team sports.

R&R 7. Thus, Dabney's fighting has already been weighed against other evidence in making the disability determination and does not warrant further review or the award of benefits.

## IV. Conclusion

For the reasons discussed above regarding Plaintiff's Objection to the R&R and for the reasons contained in the R&R, I conclude that the ALJ's decision was supported by substantial evidence. Consequently, I hereby ADOPT the Report and Recommendation in its entirety, GRANT the Commissioner's Motion for Summary Judgment, AFFIRM the Commissioner's final decision and direct the Clerk to DISMISS this case from the docket of the Court.

The Clerk is directed to send a copy of this Memorandum Opinion and accompanying Order to counsel, the pro se Plaintiff and Magistrate Judge Crigler.

ENTERED this 1st day of July, 2011.

s/Jackson L. Kiser
Senior United States District Judge